# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ROOM 17 AT THE PENN AMISH MOTEL, 2840 NORTH READING ROAD, DENVER, PENNSYLVANIA, 17517 | Magistrate No: 21-mj-188<br><br>**Filed Under Seal** |

## SEALING ORDER

AND NOW, this 30th day of January, 2021, upon consideration of the Government's Motion to Impound the Search Warrant and Affidavit for Search Warrant, it is hereby **ORDERED** that the within Search Warrant, Application for Search Warrant, Affidavit in Support of Search Warrant, any subsequent inventory, and accompanying docket papers are sealed and impounded until further Order of the Court.

The Clerk of Court is directed to make no public docket entry of the sealed documents and motion and order to seal, and copies of all sealed documents should be provided only to Assistant U.S. Attorney Christopher J. Mannion.

The Court enters this Order because there is no public right of access to search warrant materials in general, see, e.g., Times Mirror Co. v. United States, 873 F.2d 1210 (9th Cir. 1989), and, to the extent that the Affidavit for Search Warrant and relevant papers relate to matters occurring before a grand jury, there is no public right of access to grand jury materials as well, United States v. Smith, 123 F.3d 140 (3d Cir. 1997). Even assuming that there is a public right of access to search warrant materials, that right must be balanced against other interests, including the government's interest in protecting cooperating witnesses and ongoing criminal investigations, and the right of individuals named in the materials who have not been charged with any offense to

maintain their privacy and the presumption of innocence.  See, e.g., Baltimore Sun Co. v. Goetz, 886 F.2d 60 (4th Cir. 1989); In re Search Warrant for Secretarial Area ("Gunn I"), 855 F.2d 569 (8th Cir. 1988).   This Court finds that, even if a public right of access to search warrant materials exists, this right is outweighed in this case by the other interests listed above.

It is further ORDERED that agents executing the search warrant are authorized, as required by Federal Rule of Criminal Procedure 41(f), to leave a copy of the search warrant and a receipt for the property seized with the person searched or at the property searched.

BY THE COURT:

/s/ Lynne A. Sitarski<br>
HON. LYNNE A. SITARSKI<br>
UNITED STATES MAGISTRATE

JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ROOM 17 AT THE PENN AMISH MOTEL, 2840 NORTH READING ROAD, DENVER, PENNSYLVANIA, 17517 | Magistrate No: 21-mj-188 <br><br> **Filed Under Seal** |

## MOTION TO IMPOUND SEARCH WARRANT AND AFFIDAVIT FOR SEARCH WARRANT

The United States of America, by and through its attorneys, Jennifer A. Williams, Acting United States Attorney in and for the Eastern District of Pennsylvania, and Christopher J. Mannion, Assistant United States Attorney for the District, in support of its Motion states as follows:

1. The within Search Warrant, Application for Search Warrant, and Affidavit for Search Warrant, any subsequent inventory, and accompanying docket papers, are documents which, if made public, would jeopardize the government's interest in protecting cooperating witnesses and ongoing criminal investigations. In particular, the affidavit includes a description of what a confidential witness told investigators during the investigation. It is important to keep that witness's identity confidential until the investigation is concluded.

2. The better view in the Courts of Appeals to address the issue is that there is no public right of access to search warrant materials in general. Times Mirror Co. v. United States, 873 F.2d 1210 (9th Cir. 1989). As Times Mirror held, there is no historic basis for public access to such documents, and access would thwart the ability of the government to conduct investigations without interference and would abridge the rights of uncharged individuals to avoid trial of accusations against them in the court of public opinion. But see Baltimore Sun Co. v. Goetz, 886 F.2d 60 (4th Cir. 1989)

(finding a right of access); In re Search Warrant for Secretarial Area ("Gunn I"), 855 F.2d 569 (8th Cir. 1988) (same).

        3.     Even those courts to recognize a public right of access to search warrant materials have found that that right must be balanced against other interests, including the government's interest in protecting cooperating witnesses and ongoing criminal investigations, and the right of individuals named in the materials who have not been charged with any offense to maintain their privacy and the presumption of innocence. See, e.g., Baltimore Sun Co. v. Goetz, 886 F.2d at 65-66; Gunn I, 855 F.2d at 572-75. These courts have consistently held that, in the pre-indictment phase of an investigation, these significant interests outweigh the public right of access to search warrant materials. The same is true in this matter. The courts have traditionally conducted search warrant proceedings ex parte and in camera, with deference to the government's determination that investigative matters should be sealed.

4. Accordingly, the government respectfully requests that the government's Motion be GRANTED. The government requests that the Clerk of Court be directed to make no public docket entry of the sealed documents and motion and order to seal, and copies of all sealed documents should be provided only to Christopher J. Mannion, Assistant United States Attorney. The government requests that agents executing the search warrant be authorized, as required by Federal Rule of Criminal Procedure 41(f), to leave a copy of the search warrant and a receipt for the property seized with the person searched or at the property searched.

Respectfully submitted,

JENNIFER A. WILLIAMS
Acting United States Attorney

/s/ Christopher J. Mannion
CHRISTOPHER J. MANNION
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ROOM 17 AT THE PENN AMISH MOTEL, 2840 NORTH READING ROAD, DENVER, PENNSYLVANIA, 17517 | Magistrate No: 21-mj-188 <br><br> **Filed Under Seal** |

**MEMORANDUM IN SUPPORT OF MOTION**
**TO IMPOUND SEARCH WARRANT AND AFFIDAVIT FOR SEARCH WARRANT**

The government has submitted to the Court a Motion to Impound the Search Warrant and Affidavit for Search Warrant in the above case. The court has the authority to seal a search warrant affidavit where necessary to protect an ongoing federal investigation. See Federal Rule of Criminal Procedure 41(d) (requiring that the office executing the warrant provide a copy of the warrant and a receipt for property taken, but making no mention of the affidavit); Offices of Lakeside Non-ferrous Metals, Inc. v. United States, 679 F.2d 778, 779 (9th Cir. 1982). Courts have traditionally ordered that affidavits to search warrants be impounded to protect the government's continuing interest in maintaining the secrecy of this ongoing criminal investigation. Baltimore Sun Co. v. Goetz, 886 F.2d 60 (4th Cir. 1989); In re Search Warrant for Second Floor Bedroom, 489 F. Supp 207 (D.R.I. 1980).

In cases where parties have moved to unseal search warrant affidavits, courts have denied those motions where there are significant governmental interests in maintaining the secrecy of the grand jury and ongoing criminal investigations, preventing the disclosure of unnamed subjects who ultimately may or may not face criminal charges, and preventing the interference with the cooperation of present and potential witnesses. See In the Matter of Eyecare Physicians of America, 100 F.3d 514,

518 n.5 (7th Cir. 1996) ("The government need not make a threshold showing that reprisal or retaliation is likely because of the significant policy consideration behind the [informer's] privilege, as well as the difficulty of such proof."); In the Matter of the Search of Flower Aviation of Kansas, Inc., 789 F. Supp. 366, 368 (D. Kan. 1992) ("the identities of various persons mentioned in the affidavits should be kept confidential to protect their privacy interests and safety. This is especially true because an indictment has not been issued in this matter").

Pre-indictment release of a search warrant affidavit should be ordered only where a moving party's need for immediate disclosure outweighs the government's legitimate interest in secrecy. See Office of Lakeside Non-ferrous Metals, 679 F.2d at 780; Shea v. Gabriel, 520 F.2d 879, 882 (1st Cir. 1975) ("the district court carefully balanced the government's interest in secrecy to protect its on-going investigation against the temporary loss to Shea of the property here at issue").

In In the Matter of Eyecare Physicians of America, 100 F.3d 514 (7th Cir. 1996), the Court rejected a target's attempt to unseal a search warrant affidavit, holding that the district court properly considered the potential adverse consequences to the government:

> Such consequences include the likelihood that the secrecy of grand jury proceedings would be violated. Several distinct interests are served by safeguarding the confidentiality of grand jury proceedings. If pre-indictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily . . . . Witnesses who appear before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements.
>
> Additional consequences in disclosing the sealed affidavits include: the identity of unnamed subjects not yet charged would be revealed; there may be mistaken notions concerning

> who might and might not be cooperating with the government or who may be subjects; there may be misunderstandings about the parameters of the government's investigation; the privacy of the innocent and the implicated would be threatened; and the cooperation of present and potential witnesses could be compromised or influenced.

Id. at 518-19 (internal quotations omitted).

Similarly, in United States v. Furina, 707 F.2d 82 (3d Cir. 1983), the district court had found that the rights of the parties seeking disclosure were outweighed by the risk that the unsealing of the affidavit would disrupt a "viable ongoing investigation" and expose some persons "needlessly and unnecessarily to public obloquy." Id. at 83. The district judge stated that he did not intend to unseal the affidavit in the "foreseeable future" so that the government's investigation would have "an opportunity to come to fruition." Id.

In this case, maintaining the secrecy of the ongoing criminal investigation is especially important. This investigation is ongoing, and, although the Subject knows of the government's investigation, he does not know the precise nature of the investigation. Should the subject learn of this warrant, he would likely attempt to destroy evidence, including any evidence that might not yet be in the government's possession. Additionally, the affidavit includes a description of what a confidential witness told investigators during the investigation. It is important to keep that witness's identity confidential until the investigation is concluded

As the court held in In the Matter of Eyecare Physicians of America, 100 F.3d 514, 517 (7th Cir. 1996), by the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued. If pre-indictment disclosure of sealed warrant

affidavits were required, the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult, if not impossible. The Warrant Clause of the Fourth Amendment circumscribes the issuance of warrants, but does not address access to the affidavits employed to support them. Should the search warrant affidavit in this case become public, the subject would likely attempt to destroy and/or delete evidence, particularly evidence that might be stored electronically, which might be useful in charging and convicting him, and/or other suspects, of federal crimes.

For the reasons stated above, the government requests that its Motion to Impound the Search Warrant and Search Warrant Affidavit be GRANTED. The government further requests that the Clerk of Court be directed to make no public docket entry of the sealed documents and motion and order to seal, and to provide copies of all sealed documents only to Christopher J. Mannion, Assistant United States Attorney.

Respectfully submitted,

JENNIFER A. WILLIAMS
Acting United States Attorney


/s/ Christopher J. Mannion
CHRISTOPHER J. MANNION
Assistant United States Attorney